Filed 6/28/21  P. v. Castro CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C090012 |
| Plaintiff and Respondent, | (Super. Ct. No. CH036151) |
| v. | |
| AMBER MARGUERITE CASTRO, | |
| Defendant and Appellant. | |

Defendant Amber Marguerite Castro was convicted of two counts of sending drugs into state prison.  The trial court also imposed two prior prison term enhancements.  On appeal defendant contends:  (1) her prior prison term enhancements must be vacated based on the retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136); and (2) the trial court erred in imposing certain assessments and restitution fines without holding a hearing to determine her ability to pay them.  We will modify the judgment to strike the enhancements for defendant's prison priors.  We will otherwise affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant sent by mail a synthetic heroin commonly sold in prison, to an inmate in prison, on several occasions. Following a trial, a jury found her guilty of two counts of sending drugs into state prison in violation of Penal Code section 4573.[1] In a bifurcated hearing, defendant admitted that she had sustained two prior prison term convictions as alleged under section 667.5, subdivision (b). One prior term was for a burglary conviction (§ 459) while the other was for auto theft (Veh. Code, § 10851). The trial court sentenced defendant to the upper term of four years on count 1, one year (one-third the middle term) on count 2, and one year for each prior prison term conviction, for an aggregate term of seven years in state prison. The court assessed the following fines and fees: a $600 presentence investigation and report fee pursuant to section 1203.1, subdivision (b); a $600 restitution fine under section 1202.4, subdivision (b)(1); a $60 criminal conviction assessment under Government Code section 70373; and an $80 court operations assessment under section 1465.8.

The court denied defendant's subsequent motion to be resentenced on her fines. The court stated: "With regard to the restitution fund fine, the Court -- the appellate courts have been very clear that the fine pursuant to 1202.4(b) is a reformation rehabilitation aspect or a part of the reformation of the defendant and has clearly indicated that those fines serve a reformative purpose. [¶] With regard to the court operation and the criminal conviction fee, the Court is not going to re sentence on those . . . ."

---

[1] Undesignated statutory references are to the Penal Code.

# I

## *Senate Bill 136*

Defendant contends her prior prison term enhancements must be vacated based on the retroactive application of Senate Bill 136. The People agree.

On October 8, 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.), which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, § 1). Senate Bill 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense, as defined in section 667.5. The amended provision states in pertinent part: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended." (§ 667.5, subd. (b).)

In this case, defendant's prior prison terms were for a burglary conviction (§ 459) and an auto theft conviction (Veh. Code, § 10851), which are not sexually violent offenses under Welfare and Institutions Code section 6600, subdivision (b). Defendant is therefore entitled to the ameliorative benefit of the statute if Senate Bill 136 is applied retroactively. We agree with the parties that the amendment to Senate Bill 136 should be applied retroactively in this case. Whether a particular statute is intended to apply retroactively is a matter of statutory interpretation. (See *People v. Superior Court (Lara)*

3

(2018) 4 Cal.5th 299, 307 [noting " 'the role of a court is to determine the intent of the Legislature' "].)  Generally speaking, new criminal legislation is presumed to apply prospectively unless the statute expressly declares a contrary intent.  (§ 3.)  However, where the Legislature has reduced punishment for criminal conduct, an inference arises under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) " 'that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara*, at p. 308.)  "A new law mitigates or lessens punishment when it either mandates reduction of a sentence or grants a trial court the discretion to do so.  [Citation.]" (*People v. Hurlic* (2018) 25 Cal.App.5th 50, 56.)

Senate Bill 136 narrowed who was eligible for a section 667.5, subdivision (b) prior prison term enhancement, thus rendering ineligible many individuals, including defendant, who served prior prison sentences for burglary and auto theft.  There is nothing in the bill or its associated legislative history that indicates an intent that the court not apply this amendment to all individuals whose sentences are not yet final.  Under these circumstances, we conclude *Estrada*'s inference of retroactive application applies. (See, e.g., *People v. Nasalga* (1996) 12 Cal.4th 784, 797-798 [applying *Estrada* inference of retroactivity to legislative changes to § 12022.6, subds. (a) and (b) enhancements].) Accordingly, we will modify the judgment to strike defendant's prior prison term enhancements.  Because the trial court imposed the maximum sentence available, we need not remand for resentencing for the court to consider all available sentencing options.  (*People v. Buycks* (2018) 5 Cal.5th 857, 896.)

II

*Imposition of Mandatory Court Assessments and Restitution Fine*

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues that the trial court violated her right to due process by imposing a restitution fine and the mandatory court operations and criminal conviction assessments without holding

4

a hearing to determine her ability to pay them. The People argue defendant forfeited her *Dueñas* claim with respect to the restitution fine by failing to object or even express any concern about inability to pay in the trial court during the sentencing hearing. Defendant responds that her claims were not forfeited because *Dueñas* was not yet decided at the time of the sentencing hearing and her motion after sentencing was sufficient to preserve her claim on appeal. The People further argue her claim with respect to the restitution fines does not implicate due process but rather, should be evaluated under the excessive fines clause and fails under that clause. The People further argue that even if analyzed under due process principles, the restitution fines were constitutionally imposed. Finally, the People contend that imposition of the criminal conviction and court operations assessments implicates due process because the assessments are non-punitive, but any due process violation was harmless error beyond a reasonable doubt based on facts clearly showing that the defendant had the ability to pay.

In *Dueñas*, the court of appeal held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*) Regardless of whether defendant forfeited the issue, we are not persuaded the analysis used in *Dueñas* is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which disagreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing as to

5

restitution fines, reasoning that because a restitution fine is intended to punish defendants, a defendant should challenge such fines under the excessive fines clause of the Eighth Amendment. (*Id.* at pp. 96-97.)

We join the courts that have concluded *Dueñas* was wrongly decided. (See, e.g., *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Hicks* (2019) 40 Cal.App.5th 320, 327-329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067-1069, rev. denied Dec. 11, 2019, S258563 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 926-929, rev. denied Jan. 2, 2020, S258720.) The *Dueñas* court held that due process requires the trial court to stay execution of any assessments or restitution fines unless it ascertains by hearing the defendant's ability to pay those assessments and fines. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id.* at pp. 1165-1166, 1168.) The court also concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id.* at p. 1168.)

In *People v. Hicks, supra*, 40 Cal.App.5th 320, the appellate court rejected the reasoning of *Dueñas* under both lines of due process authority. *Hicks* observed that imposition of fees after a determination of guilt does not deny a criminal defendant's access to the courts and does not interfere with a defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Id.* at p. 326.) Further, imposition of fees, without more, does not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on a fundamental liberty interest. (*Ibid.*)

We find the reasoning in *Hicks* sounder and more persuasive than that in *Dueñas*. We disagree with the People that imposition of the mandatory assessments should be

6

evaluated differently for due process than imposition of the restitution fines because they are non-punitive. Government Code section 70373 provides: "To ensure and maintain adequate funding for court facilities, [a $30] assessment shall be imposed on every [misdemeanor or felony] conviction for a criminal offense . . . ." Similarly, section 1465.8 provides: "To assist in funding court operations, [a $40] assessment . . . shall be imposed on every conviction for a criminal offense . . . ." Both assessments are mandatory, and the court has no authority to stay or otherwise fail to impose them. (*People v. Woods* (2010) 191 Cal.App.4th 269, 271-272.) Accordingly, we conclude the imposition of a restitution fine and mandatory assessments on an indigent defendant without consideration of ability to pay does not violate due process and there is no requirement the trial court conduct an ability to pay hearing prior to imposing such fines and assessments.

To the extent imposing potentially unpayable fines or fees on indigent defendants raises constitutional concerns, we agree that such challenges are properly analyzed under the excessive fines clause, which limits the government's power to extract payments as punishment for an offense. (*Aviles, supra*, 39 Cal.App.5th at pp. 1068-1069.) We disagree, however, with defendant's argument that her restitution fine and assessments fail under an excessive fines analysis.

" 'The Eighth Amendment prohibits the imposition of excessive fines. The word "fine," as used in that provision, has been interpreted to be " 'a payment to a sovereign as punishment for some offense.' " [Citation.]' [Citation.] The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in [*People v. Bajakajian* (1998) 524 U.S. 321 (*Bajakajian*)]. [Citation.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1070.) " 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.] [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly

7

disproportional to the gravity of a defendant's offense.' (*Bajakajian, supra*, 524 U.S. at p. 334.)" (*Aviles*, at p. 1070.) "The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment: '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay. [Citations.]' [Citations.] While ability to pay may be part of the proportionality analysis, it is not the only factor. [Citation.]" (*Aviles*, at p. 1070.)

We review the excessiveness of a fine challenged under the Eighth Amendment de novo. (*Aviles, supra*, 39 Cal.App.5th at p. 1072.) Having done so, we find the $600 restitution fine and court assessments imposed by the court in defendant's case are not grossly disproportional to defendant's culpability and the gravity of repeatedly sending narcotics into prison. (See *Bajakajian, supra*, 524 U.S. 321; *Aviles*, at p. 1072.) We are also unconvinced by defendant's argument that she is unable to pay these amounts. Her arrest does not foreclose that she will be able to pay the restitution fine and court assessments. Further, ability to pay alone is not dispositive to an excessive fines analysis. (*Aviles*, at p. 1070, citing *Bajakajian*, at pp. 337-338.) Accordingly, we will deny her request for remand and affirm.

DISPOSITION

The judgment is modified to strike defendant's section 667.5, subdivision (b) prior prison term enhancements.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


                                        /s/
                                        BLEASE, Acting P. J.



I concur:



        /s/
DUARTE, J.


9

MAURO, J., Concurring and Dissenting.

I fully concur in the majority opinion except for part II of the Discussion, pertaining to the fines and assessments, as to which I dissent.

In *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court held it is improper to impose certain fines or assessments without determining defendant's ability to pay. (*Id.* at pp. 1168, 1172.) Although some courts have subsequently criticized *Dueñas*'s legal analysis (see, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946), *Dueñas* remains citable precedent. Until the California Supreme Court has had an opportunity to resolve the current split in authority, I would remand the matter and direct the trial court to further consider defendant's ability to pay the imposed fines and assessments.


                                      /s/
                                   MAURO, J.

1